# Supreme Court Decisions.

## TRUST COMPANIES WITHOUT LEGAL CAPACITY TO ACT AS ADMINISTRATORS.

### SCHUMACHER v. McCALLIP ET AL.

#### 69 Ohio State—Decided, February 2, 1904.

*Trust Companies—No Legal Capacity to Act as Administrators—Sections 3821c and 3821f, Revised Statutes, are Unconstitutional and Void—Under Section 26, Article II of Constitution—Common Pleas Court May Review Order of Probate Court, When—Court Jurisdiction—Constitutional Law.*

1. Trust companies are without capacity to receive and exercise appointments as administrators of the estates of deceased persons because the legislation evincing an intention to clothe them with such capacity (Sections 3821c, 3821f, Revised Statutes) is void, being of a general nature and not of uniform operation throughout the state as required by Section 26, Article II of the Constitution.

2. The court of common pleas has jurisdiction to review an order of the probate court denying the right to administer the estate of a deceased person, which Section 6005, Revised Statutes, confers upon the next of kin, if a suitable person.

Error to the Circuit Court of Franklin County.

The will of the late Cotton H. Allen having been admitted to probate in Franklin county, it became necessary for the probate court to appoint an administrator with the will annexed of his estate. Application for such appointment was made by Sarah C. McCallip, his sister, as next of kin. An application was also made by Mary M. Schumacher, plaintiff in error, for the appointment of The State Savings Bank & Trust Co. as administrator. The probate court, upon the evidence adduced, found that Mrs. McCallip is the next of kin, but that she was unsuit-

able for the discharge of the trust and, therefore, denied her application. It appointed the trust company to administer. A bill of exceptions was signed, showing the evidence upon which the court based its finding against Mrs. McCallip, and a petition in error was filed by her in the common pleas court for the reversal of the order appointing the trust company, as well as of the order refusing her appointment. The court of common pleas reached the conclusion that the trust company was not entitled to administer, and that the probate court had erred upon the evidence submitted to it in finding that Mrs. McCallip is not a suitable person to administer, and reversed both orders of the probate court. Upon a petition in error filed in the circuit court, that court affirmed the judgment of the court of common pleas in reversing the order appointing the trust company, and reversed the judgment of the court of common pleas in reversing the order refusing the appointment of Mrs. McCallip.

*Booth, Keating & Peters* and *W. H. Jones,* for The State Savings Bank & Trust Co.

*Arnold, Morton & Irvine* and *R. W. McCoy,* for The Ohio Trust Co.

*Edward L. Taylor, J. W. Mooney* and *Edmund Smith,* for Mrs. McCallip.

SHAUCK, J.; SPEAR, DAVIS, PRICE and CREW, JJ., concur.

The plaintiff in error and The State Savings Bank & Trust Co. insist that the probate court had authority to appoint the trust company as administrator, and that the court of common pleas and circuit court erred in adjudging that its appointment was void. In support of that view it is said that the authority is derived from Sections 524 and 6005, Revised Statutes, which are of uniform operation. The former of these sections, following the provisions of the Constitution, vests in the probate court exclusive jurisdiction to grant and revoke letters of administration, and to control the conduct and settle the accounts of executors and administrators. It does not attempt to define the qualifications of administrators. The two sections, being *in pari materia,* should obviously be construed together. The latter section prescribes the order in which competent persons are

entitled to administer: First, husband or widow of the deceased; second, the next of kin of the deceased; third, a creditor of the deceased; and, fourth, an appointment from the other classes failing, "such other person as it shall think fit; provided, however, that letters of administration shall not be issued upon the estate of an intestate until the person to be appointed has made and filed an affidavit that there is not, to his knowledge, any last will and testament of the alleged intestate." Not only does the latter section confer no authority for the appointment of the trust company, but, by prescribing an indispensable condition, with which a corporation can not comply, it forbids the conclusion that such authority is conferred by either section. Apart from this consideration, the view suggested conflicts with the established and very familiar doctrine that corporations have only such authority as is vested in them by the law of their creation.

Another consideration urged in favor of the validity of the appointment of the trust company is, that it is justified by Sections 3821c, 3821d and 3821f, Revised Statutes, subsequently enacted for the purpose of authorizing such corporations, among other things, to exercise the functions of administrators and other trustees. The pertinent provisions are found in the first and last of the three sections cited. The general grant of authority contained in Section 3821c is, "to accept and execute all such trusts of every description as may be committed to such company by any person or persons, or any corporation, by grant, assignment, devise, or bequest, or which may be committed or transferred to, or vested in said company, whether the same be to act as executor, administrator, assignee, guardian, receiver or trustee, or in any other trust capacity, by order of any court of record or probate court, in the county in which such company is located, and its principal business is transacted."

Section 3821f is as follows:

"The provisions of Sections 3821c, 3821d and 3821e relating to the power of the probate judge to appoint any such company to act as executor, administrator, assignee, guardian, receiver or trustee, shall apply to probate courts in all counties containing a city of the first class, and to all probate courts in counties containing a city of the second class, containing by the last preceding federal census a population of less than 33,000."

The constitutional validity of this legislation is denied because, being upon a subject of a general nature, it is not of uniform operation throughout the state, as is required by Section 26, Article II, of the Constitution. In support of the validity of the legislation, it is contended that its object is to grant jurisdiction to the probate court, and that being within the provisions of Section 8, Article IV, of the Constitution, which, in defining the jurisdiction of that court, provides for "such other jurisdiction, in any county, or counties, as may be provided by law," the subject is released from the operation of Section 26 of Article II. But it is obvious that the purpose of this legislation was not to confer upon the probate court jurisdiction to appoint administrators, for that had been conferred upon it by the Constitution of 1851, and the laws which were at once enacted pursuant to it, and it has been in that court continuously until the present time. The obvious purpose of the legislation is to confer upon the corporations named authority to receive and exercise the appointments therein mentioned, including that of administrator. The qualifications of administrators, being as universal as the administration of estates, should be admitted to be a subject of a general nature. It does not seem necessary to repeat what has been said upon that subject in recent decisions. It is further urged that Section 3821f gives to these provisions a uniform operation throughout the state, because it extends them to every county which contains a city of the first class or a city of the second class having a population less than 33,000. Of this section nothing need be said except that it is the perversion of a classification which is void, even for the purposes for which it was contrived. Its value is that of a counterfeit bill purporting to have been issued by an insolvent bank.

We are also asked to adopt the view that the power in question is conferred upon trust companies by Section 3821c, and that that section is of uniform operation throughout the state, and that we may give it effect by wholly rejecting Section 3821f. Manifestly that would be to legislate by judicial interpretation by giving to an act of the General Assembly an operation which the legislative department had never intended. A brief has been filed in the present case on behalf of The Ohio Trust Co.,

which desires to exercise powers of this character. It presents the view that Section 3821*f*, in its present form, is a later enactment than the preceding sections, and since it is void for repugnancy to Section 26 of Article II, the repealing section annexed to it is not effective to repeal former legislation. That the repeal of a valid act in a void act intended to supersede it may itself be void, is familiar doctrine. But in order that it may be effctive for one who invokes it, it is indispensable that the authority or right which he claims must have been given by the former valid act. In recognition of this requirement, counsel cite the act of April 17, 1882 (79 O. L., 101), which contained no section equivalent to Section 3821*f*. The obvious purpose of that act was to enlarge the powers of such corporations as these, but it contained no terms suggestive of the legislative intention to endow them with capacity to administer the estates of deceased persons. Such capacity can not be inferred from authority to act as testamentary trustee in "the care and management of property" and to act as depositories for administrators and others occupying positions of trust. The next act cited as meeting the requirements of this doctrine is that of April 28, 1891 (88 O. L., 407). Conceding that this act contains terms appropriate to confer upon these corporations the capacity now claimed, its operation was defined and limited by Section 3821*f* then enacted as a part of the same statute, the section then giving to the act even a more restricted operation than does the section in its present form. An analysis of all the legislation upon the subject leads to two conclusions, either of them fatal to the claim that the trust company has capacity to administer: 1. The Legislature has never attempted to clothe corporations with capacity to act as administrators in Franklin county; 2. It has not, by a valid act, authorized them to act in that capacity anywhere. We do not follow counsel to the consideration of the alleged benefits to result from clothing corporations with such powers. Such considerations are, in the first instance, at least, for the General Assembly. Until it shall attempt to exercise such power by enacting a statute which affects every constituency, and thus engages the attention and interest of every senator and member, the judicial consideration of its power will be premature.

By a cross-petition in error Mrs. McCallip seeks the reversal of the judgment of the circuit court against her. The probate court had found upon the evidence that she is the next of kin of the decedent, but that she is not a suitable person to administer the estate. On her petition in error, presenting the evidence upon which the probate court had reached the conclusion that she is not a suitable person to act as administrator, the court of common pleas found that the conclusion was not justified by the evidence, and reversed the order of the probate court in that regard. The circuit court reversed the judgment of the court of common pleas in favor of Mrs. McCallip, and proceeding to render the judgment which it thought the court of common pleas should have rendered, it dismissed the petition in error which she had filed in the court of common pleas. This, of course, implies the opinion of the circuit court that the court of common pleas was without jurisdiction to review the order of the probate court denying the right which the statute confers upon the next of kin, if a suitable person. The conclusion of the circuit court is said to be authorized by *Monger* v. *Jeffries*, 62 Ohio St., 149, and the cases which are there cited. But that case, and two of those which it cites, related to the conclusiveness of an order of the probate court removing an administrator previously appointed. The third case cited related to the conclusiveness of an order of the probate court respecting the appointment of a trustee in insolvency. None of them involved the effect of statutory provisions conferring the right to administer, such as is conferred upon the next of kin by Section 6005, Revised Statutes. The effect of that section upon the conclusiveness of an order of the probate court denying the right to administer, which it confers, was the precise subject of consideration in *Todhunter* v. *Stewart*, 39 Ohio St., 181, where it was held that an appeal from such order might be taken to the court of common pleas. The case is authority for the conclusion that an order of the probate court, denying the right of administration which the statute confers upon the next of kin, is reviewable.

The judgment of the circuit court affirming the judgment of the court of common pleas against the right of the trust company to administer should be affirmed, and its judgment reversing the

judgment of the court of common pleas in favor of Mrs. Mc-Callip should be reversed.

*Judgment accordingly.*